CAROLYN NOBERINI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Noberini v. Commissioner
Docket No. 19881-81
United States Tax Court
T.C. Memo 1983-49; 1983 Tax Ct. Memo LEXIS 739; 45 T.C.M. (CCH) 587; T.C.M. (RIA) 83049; January 26, 1983. Chester Kosarek, for the petitioner. Richard J. Sapinski, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *740 OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $1,259 and imposed an addition to tax as provided by section 6653(a) in the amount of $62.95. The issues for decision are (1) Whether respondent's determination that petitioner is taxable upon her salary is in violation of the First Amendment to the Constitution of the United States; and (2) whether petitioner is liable for the addition to tax provided by section 6653(a). At the time of the filing of the petition in this case, petitioner resided in Staten Island, New York. During the year 1979 and prior and subsequent thereto, petitioner was employed as a bank clerk and document examiner by the Canadian Imperial Bank of Commerce, New York, New York. She was paid a salary *741 during 1979 in connection with that employment amounting to $9,506.91. Petitioner's maiden name is Carolyn DeMeo and she used that name prior to her marriage in mid-1979. During 1979, petitioner and her husband, Louis J. Noberini, became associated with the Freedom Church of Revelation. In connection with this association, petitioner received a document entitled "Letter of Directions" which purported to direct her as a matter of the Freedom Church of Revelation to perform certain duties and obligations. Included in these duties and obligations was a direction that petitioner "turn over income to [her] Church Chapter to carry out the religious purposes of this Church." The document also stated that as part of petitioner's duties she was "to become gainfully employed in constructive employment and to use the remuneration gained therefrom, and to use [her] occupation as a bank clerk, document examiner at all times as an Agent, Minister, and Missionary of this Church and Order, and not in [her] individual capacity." Petitioner also received a document dated November 12, 1979, entitled "Sacramental Authority." This document purported to confer upon petitioner authority to perform *742 ministerial duties, including marriages and baptisms. Finally, petitioner executed a document dated December 30, 1979, entitled "Vow of Poverty" wherein petitioner purported to assign all of her possessions to the Freedom Church of Revelation. On her 1979 Federal income tax return petitioner showed wages of $9,506.91, but she claimed a tax liability of zero and claimed a refund for the amount withheld from her wages during the year. Petitioner noted on the return that she was "filing as agent & minister of Freedom Church of Revelation." Respondent determined that petitioner is taxable upon her salary. We agree. Petitioner's sole argument at trial was that respondent's determination involves a violation of the First Amendment because respondent does not tax other "more established" churches but chose to tax petitioner (who claims to be a "church"). The short answer to this contention is that respondent in this case did not tax a church; he taxed petitioner individually on the salary she earned in her individual capacity. As we held in McGahen v. Commissioner,76 T.C. 468, 478 (1981), on appeal (3rd Cir. Aug. 24, 1981): A member of a religious order under *743 a vow of poverty is not immune from Federal income tax by reason of his clerical status or his vow of poverty, but is subject to tax to the same extent as any other person on income earned or received in his individual capacity. Kelley v. Commissioner,62 T.C. 131 (1974); Rev. Rul. 77-290, 1977-2 C.B. 26. The stipulation of facts in this case and the exhibits (which are the only evidence, since petitioner did not testify) establish beyond question that petitioner performed services for her employer for which she was paid the salary respondent determined is taxable to her. There is not even any evidence that petitioner turned over all or any portion of her salary to a church, but, even if there were, that would not preclude petitioner from having to include the salary in her gross income. See McGahen v. Commissioner,supra.
Further, an organization claiming to be a bona fide church does not have an unqualified immunity from taxation under the First Amendment. Rather, "tax exemption is a privilege, a matter of grace rather than right". Christian Echoes National Ministry v. United States,470 F.2d 849, 857 (10th Cir. 1972), *744 cert. denied 414 U.S. 864 (1973). Petitioner has not sustained her burden of proving here that she did anything more than earn her salary, use it to pay her personal living expenses, and execute some documents which she contends, by their mere execution, made her activities those of a "church." As we stated in McGahen v. Commissioner,supra at 479-480: Petitioner struggles to escape the tax liability on his individual income under section 61 and to avoid the prohibition of section 262 against decreasing the income subject to tax by amounts paid for personal, living, and family expenses by "incorporating" himself into a church, which, for all practical purposes, goes out into the secular world, earns income, and engages in temporal and business affairs. By doctrinal definition of the Basic Bible Church, petitioner attempts to transmute the commercial into the esclesiastical and thus avoid the congressional separation of taxable individual income and tax-exempt religious order income. This is not permitted. * * * Petitioner submitted no evidence to sustain her burden of proving that respondent erred in his determination that a part of the understatement *745 in her tax liability for 1979 is due to negligence or intentional disregard of respondent's rules and regulations. Indeed, the evidence that was submitted clearly establishes that petitioner did intentionally disregard respondent's rules and regulations. [3]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. We recently upheld respondent's determination of the 50 percent addition to tax due to fraud under section 6653(b) in a similar situation where petitioner claimed his wages were excludable from income on the theory that he was an agent of either a church he purportedly created or the parent church (the Life Science Church) which allegedly ordained him as a minister. Stephenson v. Commissioner,79 T.C. 995↩ (1982).